IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ALLIED ENERGY SERVICES, LLC,<br><br>  Debtor,<br><br>MCNULTY CONSTRUCTION COMPANY, INC.,<br><br>  Appellant,<br><br>       v.<br><br>JORDAN E. LUBIN, as Chapter 7 Trustee,<br><br>  Appellee. | CIVIL ACTION FILE<br>NO. 1:24-CV-1576-TWT |

**OPINION & ORDER**

This is an appeal from the Order and Judgment of the Bankruptcy Court granting summary judgment in favor of the Chapter 7 Trustee with respect to his claim for fraudulent transfer. The material facts are undisputed. Dean Alford, a principal of Debtor, operated a fraudulent scheme through undisclosed accounts at Bank of America maintained by Debtor. On or about June 3, 2017, Dean Alford and Appellant entered into an Owner/Builder Agreement (the "Construction Agreement") pursuant to which Appellant agreed to construct a home on property owned by Dean Alford located at 6726 North Twilight Circle, Heber City, Utah (the "Alford Residence"). Debtor had no interest in the Alford Residence and was not a party to the Construction Agreement or any agreement with Appellant.

On November 28, 2018, Debtor transferred by wire to Appellant the sum of $264,540.16 (the "Transfer"). The funds transferred to Appellant came from the account out of which the fraudulent scheme operated. At the time of the Transfer, Debtor was insolvent. Appellee made a prima facia case of insolvency based on Debtor's financial records (tax returns and related balance sheet) reflecting liabilities that exceeded assets in excess of $4 million at the end of 2017 and in excess of $5 million at the end of 2018. Further, the record reflects at least an additional $5 million in liabilities owed by Debtor relating to undisclosed promissory notes executed prior to the Transfer. Appellant did not identify any facts in the record to refute the findings of insolvency. Appellant also did not produce any evidence to refute Appellee's prima facia case of insolvency.

Appellant received the Transfer from the account through which Debtor and Dean Alford operated a fraudulent scheme. Appellant did not provide property to Debtor in exchange for the Transfer. Appellant did not provide services to Debtor in exchange for the Transfer. Appellant was not a creditor of Debtor, and the Transfer did not satisfy or secure a present or antecedent debt of Debtor. These facts are undisputed, material, and relevant to the analysis under 11 U.S.C. §§ 548(a)(1)(B), (c), and (d)(2). The alleged value provided by Appellant to a third party other than Debtor is irrelevant to the analysis and does not create a genuine issue of material fact. The Bankruptcy

Court properly rejected Appellant's efforts to divert attention from the undisputed, material, and relevant facts. Debtor was insolvent at the time of the Transfer. The evidence established liabilities exceeding assets by $4 million at the end of 2017, and by $5 million a little more than a month after the Transfer. The proofs of claim establish $5 million in undisclosed promissory note liabilities prior to the Transfer. The evidence is sufficient to create a prima facia case for insolvency. In order to create a question of material fact, Appellant needed to produce evidence to rebut the prima facia case or point to evidence in the record that contradicts or raises an issue of fact. Appellant has failed to provide any evidence or identify any evidence in the record to counter the prima facia case of insolvency. There is no genuine issue of material fact that Debtor was insolvent at the time of the Transfer, and the Transfer is avoidable as a matter of law.

Appellant is the initial transferee of the Transfer from which recovery may be had under 11 U.S.C. § 550(a)(1). Debtor had no relationship with Appellant or any of its subcontractors.[1] Debtor had no control over Appellant's use of the funds. Appellant had full control over the use of the funds. Debtor

---

[1] As identified by Appellee and acknowledged by the Court, the Affidavit of Michael McNulty was unsigned and unnotarized. It is insufficient as a matter of law to create genuine issues of fact. *WTI, Inc. v. Jarchem Indus., Inc.*, 2012 WL 3101656, at *4 (N.D. Ga. July 30, 2012) ("This document is neither signed nor notarized and thus cannot be considered as proper evidence at the summary judgment stage").

was not a party to the Construction Agreement. The Construction Agreement did not provide for any segregation of funds. The Construction Agreement provided that Appellant was the party solely responsible for the employment and payment of subcontractors. There is no basis in law or fact to allow Appellant to avoid liability for the avoided Transfer under any "mere conduit" theory.

The Order and Judgment of the Bankruptcy Court are AFFIRMED. Alternatively, the Order of the Bankruptcy Court is treated as proposed findings of fact and conclusions of law which are adopted as the judgment of this Court. In that case, the Motion for Summary Judgment of the Chapter 7 Trustee is GRANTED.

SO ORDERED, this ___10th___ day of February, 2025.

/s/ Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge